■ In the Matter of JAMES H. TYLER, Respondent, v BOARD OF MEMBERS OF THE ADIRONDACK PARK AGENCY et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered August 4, 1976 in Warren County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination denying petitioner's application for a variance. Petitioner is the owner of certain real property located on the shore of Lake George and within the boundaries of the Adirondack Park. He caused to be constructed on the property a single-family dwelling where previously had existed two small cabins. After the house was fully completed petitioner was informed that his residence was in violation of the minimum shore line set-back provisions and that he should apply for a variance. Such an application was filed and without a hearing respondents denied the request. The denial was based on the grounds that petitioner had not demonstrated either practical difficulty or unnecessary hardship to justify granting a set-back variance.. The instant article 78 proceeding was commenced, seeking an annulment of respondents' denial and respondents counterclaimed for an injunction. Special Term annulled respondents' determination. This appeal ensued. The granting of a shoreline variance is provided for in subdivision 3 of section 806 of the Executive Law, the pertinent part of which reads as follows: "Any person seeking a variance from the strict letter of the shoreline restrictions * * * may make application therefor to the agency * * *. *Upon such application, and after public hearing thereon* * * * the agency * * * shall, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the restrictions, have authority to vary or modify the application of such restrictions relating to the use, construction or alteration. of buildings or structures, or the use of land, so that the spirit of such restrictions shall be observed, public safety and welfare secured and substantial justice done." (Emphasis added.) The clear and unambiguous language of the subdivision mandates, in our view, a holding of a hearing before denying an application for a variance. We reject respondents' contention that a public hearing is required only before the granting of a variance.

Such an interpretation, in our opinion, is illogical, unreasonable and most prejudicial to an applicant. The language of the order of denial itself is incongruous since petitioner was not afforded an opportunity to demonstrate practical difficulty or unnecessary hardship. The judgment, therefore, should be affirmed. Judgment affirmed, with costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.